

FILED
NORTHERN DISTRICT OF TEXAS
U.S. DISTRICT COURT

JUL - 6 2020

CLERK U.S. DISTRICT COURT
By:_____
              Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELENA SARA CORONADO, § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-243-Y |
| § | |
| ANDREW SAUL, § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
| DEFENDANT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

#### I.   STATEMENT OF THE CASE

*Pro-se* plaintiff Elena Sara Coronado ("Coronado") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI") under Title II of the Social Security Act ("SSA"). On November 13, 2012, Coronado applied for SSI, alleging her disability began on September 22, 2011. (Transcript ("Tr.") 1852; *see* Tr. 208–13.) After her application was denied initially and on reconsideration, Coronado requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 1852; *see* Tr. 150–67.) The ALJ held a hearing on September 11, 2014 and issued an unfavorable decision on September

19, 2014. (Tr. 1852; *see* Tr. 26–66, 1274–86, 1356–79.) Thereafter, on October 27, 2015, the Appeals Council denied Coronado's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (Tr. 1852; *see* Tr. 1–5.) On December 24, 2015, Coronado filed a civil action in this Court seeking review of the ALJ's decision (cause number 4:15-CV-978-A). (Tr. 1852.) Subsequently, the Commissioner filed an unopposed motion to reverse and remand the case for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act, which was granted by the Court on June 3, 2016. (Tr. 1852; *see* Tr. 1297–98.)

Meanwhile, Coronado also filed a second application for SSI on November 1, 2015, alleging her disability began on September 20, 2014, the day after the earlier ALJ decision in this case. (Tr. 1852; *see* Tr. 1301.) Although this application was denied initially, at the reconsideration level, Coronado was found to be disabled as of September 20, 2014. (*Id.*) However, because SSI is not payable prior to the month following the month in which the application was filed, the alleged onset date was set on November 1, 2015. (Tr. 1852; *see* Tr. 1252, 1301.)

Upon remand of Coronado's originally filed November 13, 2012 claim for SSI (with an alleged disability onset date of September 22, 2011), the Appeals Council, in an order dated September 15, 2016, ordered the ALJ to do the following: (1) consider Coronado's chronological age in combination with her residual functional capacity ("RFC"), education, and work experience; (2) obtain evidence from a vocational expert ("VE") to determine whether the claimant has transferrable job skills; and (3) obtain evidence from a VE, if warranted, to clarify the effect of the addressed limitations on Coronado's occupational base. (Tr. 1853; *see* Tr. 1301–03.) In addition, the Appeals Council expressly declined to affirm or reopen Coronado's November 1, 2015 SSI

application determination, finding it the administratively final and binding determination for the period beginning November 1, 2015. (Tr. 1853; *see* Tr. 1301.) The Appeals Council, therefore, limited the ALJ to consider the period between September 22, 2011, Coronado's alleged onset of disability date, through October 31, 2015, the day before Coronado was awarded disability based on her November 1, 2015 SSI application. (Tr. 1853; *see* Tr. 1252, 1301.) The ALJ held a hearing on May 26, 2017 and issued an unfavorable decision on September 8, 2017. (Tr. 1853; *see* Tr. 1249–73; 1852–64.) Thereafter, on February 22, 2019 the Appeals Council denied Coronado's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (Tr. 1242-48.) Coronado then filed this civil action in this Court seeking review of the ALJ's September 8, 2017 decision.

## I. STANDARD OF REVIEW

SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA and numerous regulatory provisions. *See* 20 C.F.R. Pt. 416. Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is

defined as work activity involving the use of significant physical or mental abilities for pay or profit. *See* 20 C.F.R. § 404.1572. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404. Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* § 404.1520(f). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experiences. *Id.* § 404.1520(g); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.* But if the Commissioner meets this burden, it is up to the claimant to then show that he cannot perform the alternate work suggested. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as

4

substantial evidence supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. Jun. 2, 2009). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F. 3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.  ISSUES

In her amended brief, Coronado states that she injured her back on April 8, 2004 by lifting a heavy box. (Plaintiff's Amended Brief ("Pl.'s Am. Br.") at 1. She also claims, "I reapplied for disability multiple times and was denied every time. Three years ago, I was approved for SSI while still constantly fighting for disability." (*Id.*) Coronado also states:

> I have now come to find out that I have two cysts on my liver, lungs, and kidney. I had surgery on the left side of my neck to have a vascular cleaning done. I cannot stand for a long period of time and I cannot walk for a long period of time. I've seen doctors for my lower back, Chiropractors, and Physical Therapist. I have tried nerve blocks, ice/heat packs, and TENS/electrical therapy. All the doctors say that it is Chronic Pain. I take medication for pain and it makes me very sleepy. When I wake up, the pain is still there again.
>
> I went to see the doctor because I couldn't take the pain anymore. My doctor sent me to get an x-ray and MRI on March 19, 2019. I have enclosed a copy of my results from my MRI for your review. I have Degenerative Disc DZ and Facet DX (Arthritis) at several levels. I also have narrowing at the opening of the nerves where they travel through. At a few levels, the intervertebral disc[s] touch the nerve root, which will cause numbness, pain and weakness in my legs. My doctor referred me to pain management, where I have been having spinal injections.

. . . .

On September 2017, the Social Security Administration did not make a decision and I would like to know as to why they bypassed that and what happened that the decision wasn't made. I see that the decision was made twice for September 2014. I would like an explanation of that.

(Pl.'s Am. Br. at 1–2.) Coronado, in support of her arguments, attached several exhibits to her brief.[1]

## IV.   ALJ DECISION

In his September 8, 2017 decision, the ALJ performed the five-step sequential evaluation process for determining whether a person is disabled. (Tr. 1852–64.) The ALJ first noted that Coronado had not engaged in any substantial gainful activity since September 22, 2011, her alleged onset date. (Tr. 1855.) The ALJ further found that Coronado had the following "severe" impairments: "obesity; osteoarthritis of the knees; degenerative disc disease; hypertension; elevated cholesterol; peripheral vascular disease; bilateral carotid artery disease; and headache." (Tr. 1855.)

Next, the ALJ held that none of Coronado's impairments or combination of impairments met or equaled the severity of any impairment in the Listing. (Tr. 1857–58.) As to Coronado's RFC, the ALJ stated:

> After careful consideration of the entire record, I find that since September 22, 2011, the claimant has the residual functional capacity to perform light work as defined in 20 CFR [§] 416.967(b) with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes, or scaffolds.

---

[1] The Court notes that Coronado attached these exhibits to her original brief filed on July 19, 2019. Although Coronado did not attach these exhibits to her amended brief filed on August 2, 2019, the Court will consider such exhibits.

(Tr. 1858 (emphasis omitted).)   Next, the ALJ opined that Coronado was unable to perform any of her past relevant work. (Tr. 1862–63.) Relying on the testimony of a vocational expert ("VE"), the ALJ, however, found that prior to February 14, 2015, there were jobs that existed in significant numbers in the national economy that Coronado could perform. (Tr. 1863–64.) However, because Coronado's age category changed to an individual of advanced age beginning on February 14, 2015, the ALJ also found that there were no jobs that existed in significant numbers in the national economy that Coronado could perform. (*Id.*) Consequently, the ALJ determined that Coronado became disabled on February 14, 2015 and continued to be disabled through the date of the ALJ's decision. (Tr. 1864.)

## V.   DISCUSSION

### A. New and Material Evidence

In her brief, Coronado argues that she has new impairments, had a surgery, and has tried various treatments for her pain. In support of her claims, Coronado attached the following relevant exhibits to her original brief:  (1) a note to Coronado from Amy Henson, PA ("Henson"), referencing a MRI performed on April 3, 2019 (Plaintiff's Original Brief ("Pl.'s Br." at 3)[2]; (2) a MRI Lumbar Spine Without Contrast Final Report dated April 3, 2019 noting, *inter alia,* that Coronado had: (a) multilevel degenerative disc and facet disease causing multilevel neural

---

[2] The note stated:

> Degenerative disc dz and facet dx (arthritis) at several levels. There is also narrowing of the openings the nerves travel through. At a few levels, the intervertebral discs touch the nerve roots (this will cause numbness, pain, and/or weakness in the legs.) I am going to refer her to pain mgt to see if spinal injections may help.

(Pl.'s Br. at 3.)

7

foraminal narrowing, (b) numerous T2 hyperintense foci within the liver, and (c) parapelvic cysts in the left kidney (Pl.'s Br. at 5–6); (3) a MRI of the Lumber Spine dated September 26, 2008 (Pl.'s Br. at 8); (4) a letter dated January 5, 2009 stating that the Texas Medicaid Program had authorized a MRI Lumbar Spine between January 5, 2009 and April 5, 2009 (Pl.'s Br. at 9): (5) a Medical Release/Physician's Statement dated May 6, 2016 in which Elizabeth Spero, M.D. ("Dr. Spero"), diagnosed Coronado with lumbosacral radiculopathy and sacroiliitis and stated Coronado is unable to sit, stand, or walk for long periods of time (Pl.'s Br. at 7, 10); (6) results from an x-ray of the lumbar spine dated in January 2016 in which John Joseph Meehan, DO found: (a) 6 "nonrib-bearing lumbar vertebral bodies with a transitional vertebral body at the L6 position;" (b) spondylolysis with Grade 1 anterolisthesis of L6 on S1; (c) spondylosis of the lumbar spine; (d) degenerative disc disease at L6-S1; and (e) atherosclerotic vascular disease (Pl.'s Br. at 11).

   Based upon Coronado's submission of additional evidence to the Court, the issue becomes whether such documents constitute "new and material evidence" that require the Court to remand this case. "When new evidence becomes available after the Secretary's decision and there is reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)); *Latham v. Shalala*, 36 F.3d 483, 483 (5th Cir. 1994)). The Court does not issue factual findings on new medical evidence but is to determine whether to remand for the consideration of newly presented evidence. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). "To justify a remand, 42 U.S.C. § 405(g) requires that the evidence is 'new' and 'material' as well as a showing of 'good cause' for failing to provide this evidence at the original proceedings." *Ripley*, 67 F.3d at 555. To be new, evidence must not be merely cumulative

of the evidence already in the administrative record. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). For evidence to be material, it must relate to the time period for which disability benefits were denied and there must be a reasonable probability that the new evidence would change the outcome of the Commissioner's decision. *Ripley*, 67 F.3d at 555; *see Sullivan*, 884 F.2d at 803.

As to the: (1) note to Coronado from Henson referencing the April 3, 2019 MRI report of the Lumbar Spine, (2) the April 3, 2019 MRI report of the Lumbar Spine, (3) the May 6, 2016 Medical Release/Physician's Statement from Dr. Spero, and (4) results from an x-ray of the lumbar spine dated January 19, 2016, none of these documents can possibly be material as there is no reasonable probability that this evidence would change the outcome of the ALJ's September 8, 2017 decision because Coronado **was found to be disabled as of February 14, 2015**. Moreover, the April 3, 2019 MRI report and January 19, 2016 x-ray of the lumbar spine regarding Coronado's back impairments and cysts on the liver are merely cumulative of other evidence in the record. *See Pierre,* 884 F.2d at 803 ("In order to justify a remand, the evidence must first be 'new', and not merely cumulative of what is already in the record."). The ALJ, in his decision, found that Coronado had multiple severe impairments, including degenerative disc disease. (Tr. 1855.) The ALJ was aware of Coronado's back pain and reviewed multiple scans, treatment notes, and doctor's opinions relating to Coronado's back issues. (Tr. 1855–62.) In addition, the ALJ noted that Coronado had liver cysts based on CTs of the abdomen and pelvis performed in 2010, 2011, 2014, and 2015, and "found no evidence that this condition causes any symptoms or limitations in her ability to perform work-related activities. (Tr. 1856.)

As to the MRI of the Lumbar Spine dated September 26, 2008, this report is not new as it is in the administrative record and specifically referenced by the ALJ in making his September 8, 2017 decision. (Tr. 495, 1861.) In addition, as to the letter dated January 5, 2009 regarding authorization of an MRI of the lumbar spine, this letter is not material as there is no reasonable probability that this evidence would change the outcome of the ALJ's September 8, 2017 decision since it provides no medical opinion or treatment note on any of Coronado's impairments. Because the evidence submitted by Coronado with her original brief is neither new nor material, remand is not required.

### B. Severe Impairments

Coronado, in her brief, also asks the Court to explain why, on "September 2017," the SSA "did not make a decision," why it "bypassed" making such a decision, and why it made a decision "twice for September 2014." While it is not clear exactly what Coronado is asking, the Court concludes that, due to the complex procedural nature of Coronado's claims, it is, perhaps, unclear to Coronado the status of all of her claims. According to the collective information before the Court, it appears that Coronado first applied for disability insurance benefits and SSI benefits in May 2008, alleging a disability onset date of April 10, 2004. After her applications were denied initially, on reconsideration, and before an ALJ, Coronado appealed the denial of her disability to this Court in cause number 4:10-CV-943-Y. The Court, in an order dated December 16, 2011 affirmed the Commissioner's decision finding Coronado was not disabled.

Subsequently, Coronado filed a second application for only SSI on November 13, 2012, alleging her disability began on September 22, 2011. After her application was denied initially, on reconsideration, and before an ALJ on September 19, 2014, Coronado appealed the denial of

10

her disability to this Court in cause number 4:15-CV-978-A. The Court, on June 3, 2016 granted the Commissioner's unopposed motion to reverse and remand the case for further administrative proceedings.

Coronado also filed a third application for SSI on November 1, 2015, alleging her disability began on September 20, 2014, the day after the ALJ's denial above on September 19, 2014. Ultimately, this SSI application was approved, and Coronado was found to be disabled as of November 1, 2015.[3] (Tr. Tr. 1852; *see* Tr. 1252, 1301.)

Upon remand of Coronado's November 13, 2012 claim for SSI (second application), the Appeals Council declined to affirm or reopen Coronado's November 1, 2015 SSI application (third application) determination granting Coronado disability for the period beginning November 1, 2015. (Tr. 1853.) Consequently, the Appeals Council limited the ALJ to consider whether Coronado was disabled only from the period from September 22, 2011, the alleged onset date of disability of her SSI application under consideration (second application), through October 31, 2015, the day before Coronado had been granted SSI disability benefits based on her third application for SSI. (Tr. 1853).

Thus, the ALJ did not, in September 2017, bypass making a decision. The only SSI application that was pending and before the ALJ in his September 8, 2017 decision was Coronado's November 13, 2012 SSI application (second application), alleging disability as of September 22, 2011. This application was first denied by the ALJ on September 19, 2014. After Coronado appealed this decision, the Court remanded the case back to the ALJ. The ALJ, ultimately, on

---

[3] Because SSI is not payable prior to the month following the month in which the application was filed, the established onset date was November 1, 2015, the date Coronado filed her application, and not September 20, 2014, her alleged onset date of disability.

11

September 8, 2017, found that Coronado was disabled beginning on February 14, 2015. Thus, Coronado has been found and should be receiving SSI benefits from February 14, 2015 based on two separate SSI applications and two separate decisions (and assuming nothing has happened to make Coronado ineligible for such benefits that the Court does not know about).

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 20, 2020** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 6, 2020.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv